# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John A. Nordberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 3965 | **DATE** | 6/1/12 |
| **CASE TITLE** | Robert Goldsmith (#2011-0001700) vs. Correctional Officer Zolecki | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to file *in forma pauperis* [3] is granted. The trust officials at Plaintiff's place of confinement shall collect monthly payments from Plaintiff's account as described below. The Clerk shall send a copy of this order to the resident trust office at the Will County Adult Detention Facility to facilitate compliance. The Clerk shall issue summons to Defendant Zolecki, and the U.S. Marshal is directed to serve him. If Plaintiff wishes to pursue a claim of deliberate indifference to a serious medical condition, he must amend his complaint to name an appropriate Defendant. The Clerk is further directed to send Plaintiff a Magistrate Judge Consent Form, Instructions for Submitting Documents, and a copy of this order. Plaintiff's motion for appointment of counsel [#4] is denied.

■ **[For further details see text below.]**

**Docketing to mail notices.**

## STATEMENT

Plaintiff, pre-trial detainee in custody at the Will County Adult Detention Facility (hereinafter, "WCADF"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that in June of 2011, Defendant, Correctional Officer Zolecki subjected him to excessive force. More specifically, Plaintiff alleges that Defendant Zolecki accused him of stealing and slammed him into a wall, resulting in a torn rotator cuff. Plaintiff also seems to be alleging denial of medical care, but names not appropriate Defendant.

Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is assessed an initial partial filing fee of $40.63. The supervisor of inmate trust accounts at Plaintiff's place of confinement is authorized and ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer at Plaintiff's place of confinement is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. The WCADF inmate trust account office shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred from the jail to another correctional facility.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. Here, accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated a colorable federal cause of action against Defendant Zolecki for excessive use of force. *Acevedo v. Canterbury*, 457 F.3d 721, 724 (7th Cir. 2006).

**(CONTINUED)**

AWL

Additionally, while Plaintiff states a claim for deliberate indifference to a serious medical condition, *see Davis v. Carter*, 453 F.3d 686, 696 (7th Cir. 2006); however, Plaintiff names no other Defendant than Defendant Zolecki. If Plaintiff seeks to pursue a claim of deliberate indifference, he must amend his complaint to name a Defendant who was personally involved in denying him medical care for a serious medical condition. *Id*. and see *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005).

The Clerk shall issue summons to Defendant Zolecki, (hereinafter, "Defendant") forthwith and send Plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order.

The United States Marshals Service is appointed to serve Defendant. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve Defendant with process. The U.S. Marshal is directed to make all reasonable efforts to serve Defendant. If any Defendant can no longer can be found at the work address provided by Plaintiff, the WCADF shall furnish the Marshal with his last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the Court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to Defendant in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Plaintiff must provide the original plus a judge's copy of every document filed. In addition, Plaintiff must send an exact copy of any Court filing to Defendant [or to defense counsel, once an attorney has entered an appearance on his behalf]. Every document filed must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the Court or returned to Plaintiff.

Plaintiff has also filed a motion for appointment of counsel. The motion is denied. Plaintiff has no right to counsel in a civil case. *See Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010); *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). The case at the present time does not involve complex discovery or an evidentiary hearing, and Plaintiff's current pleadings indicate that he has the presence of mind and intellectual capability to continue representing himself at this stage of the proceedings. Accordingly, his motion for the appointment of counsel is denied without prejudice. *See Pruitt v. Mote,* 503 F.3d 647, 656-59. (7th Cir. 2007). Consequently, the Court denies his motion without prejudice to renewal should the case proceed to a point that assistance of counsel is appropriate.