**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **ROBERT GOLDSMITH,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No. 12 C 3965** |
| | ) | |
| **v.** | ) | **Magistrate Judge Arlander Keys** |
| | ) | |
| **C/O ZOLECKI,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, presently a pre-trial detainee at the Will County Adult Detention Facility (hereinafter, "WCADF), brought this pro se civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendant, Correctional Officer Zolecki (hereinafter, "Defendant"), violated his Eighth Amendment rights by subjecting him to excessive force during a cell shake-down sometime in the Spring of 2011. This matter is before the court for ruling on Defendant's motion for summary judgment for failure to exhaust administrative remedies prior to filing suit [19]. For the reasons stated below, the motion is granted.

**LEGAL STANDARD**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In determining the existence of a genuine issue of material fact, a court construes all facts in a light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 255 (1986); *Weber v.*

*Universities Research Assoc., Inc*., 621 F.3d 589, 592 (7th Cir. 2010). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255. The court does not "judge the credibility of the witnesses, evaluate the weight of the evidence, or determine the truth of the matter. The only question is whether there is a genuine issue of fact." *Gonzalez v. City of Elgin*, 578 F.3d 526, 529 (7th Cir. 2009) (*citing Anderson v. Liberty Lobby*, 477 U.S. 242, 249-50, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)).

However, Rule 56 "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Sarver v. Experian Information Solutions*, 390 F.3d 969, 970 (7th Cir. 2004) (citations omitted).

**LOCAL RULE 56.1**

Defendant filed a statement of uncontested material facts pursuant to Local Rule 56.1 (N.D. Ill.). Together with his motion for summary judgment, Defendant included a "Notice to Pro Se Litigant Opposing Motion for Summary Judgment" [23] that clearly explained the requirements of the Local Rules and warned Plaintiff that a party's failure to controvert the facts as set forth in the moving party's statement results in those facts being deemed admitted. *See, e.g., Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003).

Local Rule 56.1(b) requires a party opposing a motion for summary judgment to file:

> (3) a concise response to the movant's statement that shall contain
>
> (A) a response to each numbered paragraph in  [*4] the moving party's statement, including, in the case of any disagreement, specific references to the affidavits, parts of the record, and other supporting materials relied upon, and
>
> (B) a statement, consisting of short numbered paragraphs, of any additional facts that require denial of summary judgment, including references to the affidavits, parts of the record, and other supporting materials relied upon.

L.R. 56.1(b).

The district court may rigorously enforce compliance with Local Rule 56.1. *See, e.g., Stevo v. Frasor*, 662 F.3d 880, 886-87 (7th Cir. 2011) ("Because of the high volume of summary judgment motions and the benefits of clear presentation of relevant evidence and law, we have repeatedly held that district judges are entitled to insist on strict compliance with local rules designed to promote the clarity of summary judgment filings") (*citing Ammons v. Aramark Uniform Servs., Inc.*, 368 F.3d 809, 817 (7th Cir. 2004)). Although pro se plaintiffs are entitled to lenient standards, compliance with procedural rules is required. *Cady v. Sheahan*, 467 F.3d 1057, 1061 (7th Cir. 2006).

Plaintiff submitted a response to Defendant's statement of uncontested facts that is, in part, deficient. For instance, several (responses 24-25, and 28-33) are not supported by citation to the record, and Defendant's statements 24-25, 28-33 must be deemed admitted. *See, e.g., Johnson v. McCann*, No. 08 C 4684, 2010 WL 2104640, *1 (N.D. Ill. May 21, 2010) (Norgle, J.).  (unsupported statements in a brief are not evidence and cannot be given any weight.)

Additionally, Plaintiff's response to Defendant's statement of fact 17, attempting to deny the WCADF's procedure for keeping a copy of a submitted grievance in the prisoner's classification file is insufficient. Plaintiff submits his affidavit and the affidavit of another detainee, stating that they know of grievances that have been destroyed. Plaintiff's speculation about grievances being destroyed or, even more speculative, that a grievance about his claim underlying this suit was destroyed, is insufficient.

Plaintiff's speculation about what might have happened is mere argument, not evidence. "A response to a statement of facts ... is not the place for purely argumentative denials, ... and courts are not required to wade through improper denials and legal argument in search of a genuinely disputed fact." *Almy v. Kickert School Bus Line, Inc.*, No. 08 C 2902, 2013 WL 80367, at *2 (N.D. Ill. Jan. 7, 2013 (Dow, J.) (citing *Bordelon v. Chi. Sch. Reform Bd. of Trs.*, 233 F.3d 524, 529 (7th Cir. 2000) (internal citations and punctuation omitted). *See also Fed. Deposit Ins. Corp. v. Meyer*, 781 F.2d 1260, 1267 (7th Cir. 1986); *accord In re Cohen*, 507 F.3d 610. 614 (7th Cir. 2007) (speculation is not evidence).

Plaintiff has admitted eighteen of Defendant's thirty-three proposed statements of fact (Statements 1-5, 8-16, 18-19, and 22), and many of the thirty-three statements of fact go beyond the question of whether Plaintiff exhausted his administrative remedies prior to filing suit, making them immaterial. The Court will, following the standard set by Fed. R. Civ. P. 56 and Local Rule 56.1, consider only those facts that are material to the question presented. However, while Plaintiff is a licensed attorney in the State of Illinois, he is proceeding *pro se*, and the Court will construe his filings broadly and

consider factual assertions he makes in his summary judgment materials to the extent that he could properly testify about the matters asserted based on his personal knowledge. Fed. R. Evid. 602.

**FACTS**

Plaintiff asserts a Section 1983 claim alleging that Defendant used excessive force against him. *See* Defendant's statement of facts ¶ 1. On March 8, 2011, Plaintiff was admitted to the Will County jail as an inmate and has remained incarcerated at the jail to the present time. *See* Defendant's statement of facts ¶ 2. Prior to being incarcerated, Plaintiff attended law school, passed the Illinois Bar Examination, and practiced law for several years. *See* Def. Exhibit B, Plaintiff's dep. 11:18 – 12:7 and 14:1-15:16.

Defendant is a correctional officer with the Will County Sheriff's Office and is a member of the Emergency Response Team at the Will County jail. *See* Defendant's statement of facts ¶ 3. As a member of the Emergency Response Team ("ERT"), Defendant was not posted in B Pod or any particular housing unit, but would enter B Pod from time to time. *See* Defendant's statement of facts ¶ 4. According to Plaintiff, Defendant came into his jail cell and injured Plaintiffs left shoulder by throwing him into the wall. *See* Defendant's statement of facts ¶ 5.

Plaintiff alleged in his complaint that the event occurred on Father's Day. *See* Defendant's statement of facts ¶ 6. Plaintiff testified in his deposition that he cannot recall whether the incident occurred on Fathers' Day, or on Easter. *See* Defendant's statement of facts ¶ 7.

Plaintiff alleges that Defendant came into his cell in order to conduct an inspection known as a "shakedown." *See* Defendant's statement of facts ¶ 9. A shakedown is where several officers simultaneously conduct unannounced searches of multiple cells within a housing unit. *See* Defendant's statement of facts ¶ 10. Plaintiff alleges that during the shakedown Defendant threw him into a wall, injuring his shoulder. *See* Plaintiff's complaint, generally.

The Will County jail has a grievance procedure for inmate complaints including complaints about misconduct or mistreatment by correctional officers. *See* Defendant's statement of facts ¶ 13. Plaintiff was aware of the grievance procedure at the time of the incident. *See* Def. Exhibit B, Plaintiff's dep. 37: 14-23. He received a copy of the procedure, contained within the Inmate Handbook when he entered the jail. *See* Def. Exhibit B, Plaintiff's dep. 57: 2-11.

According to the procedure, inmates submit grievances in writing by using a pre-printed form entitled Inmate Request Form (Form #22). *See* Defendant's statement of facts ¶ 14. The form consists of three colored sheets and writing placed on the top sheet is carbon copied to the sheets below. *Id.* The top sheet is pink and the inmate is supposed to detach and keep the pink sheet when submitting a grievance. *See* Defendant's statement of facts ¶ 15.

An inmate submits a grievance by placing it in a tray on the pod officer's desk, which is located in the common area of the inmate's housing unit. *See* Defendant's statement of facts ¶ 16. After an inmate submits a grievance, the white sheet is detached and kept in the inmate's classification file. *See* Defendant's statement of facts ¶ 17. The grievance procedure provides that any response that the grievant deems insufficient must

6

be appealed within 48 hours of receipt of the response. *See* Def. Exhibit D-1, p. 30. The procedure also provides that the grievance process is not complete until the Deputy Chief or his designee replies to the appeal. *Id.*

Plaintiff states that he submitted a grievance complaining about Defendant throwing him into a wall within a day or two after the incident. *See* Defendant's statement of facts ¶ 18. Plaintiff does not have a copy of that grievance. *See* Defendant's statement of facts ¶ 19. Plaintiff testified in deposition that he received no response to the grievance he filed. *See* Def. Exhibit B, Plaintiff's dep. 39: 9-10. Plaintiff also testified that, when he received no response, he "just let it go." *Id.* at 11-14. Plaintiff further testified that he did not pursue the grievance because it would have been ruled "unfounded" by jail personnel. *Id.* at 15-23. Finally, Plaintiff would not have appealed the grievance, if he filed one and received a response, because he believed to do so would have been futile. *Id.* at 40: 14-18.

Plaintiff's classification file contains copies of 81 Form #22's, some of which are grievances that he submitted between March 8, 2011 and May 30, 2012. *See* Defendant's statement of facts ¶ 21. Plaintiff's classification file contains no grievance about being thrown against the wall by Defendant. *See* Defendant's statement of facts ¶ 22.

At his deposition, Plaintiff testified that one to two months after the incident, he told the jail doctor that his shoulder hurt because an ERT pushed him against the wall. *See* Defendant's statement of facts ¶ 23. The medical file for Plaintiff contains records showing that Plaintiff saw the jail doctor on: May 30, 2011, June 14, 2011 , July 22, 2011, August 12, 2011, October 13, 20 11, and November 13, 2011. *See* Defendant's statement of facts ¶ 24. None of the records for any of those six separate visits with the

jail doctor contains anything indicating that Plaintiff told the jail doctor that his left shoulder was hurting because an ERT pushed him against the wall. *See* Defendant's statement of facts ¶ 25.

**ANALYSIS**

The Court cannot entertain Plaintiff's Eighth Amendment claims because Defendant has demonstrated that Plaintiff failed to exhaust administrative remedies prior to bringing suit. The Prison Litigation Reform Act of 1996 contains a comprehensive administrative exhaustion requirement. Under that statute, "[n]o action shall be brought with respect to prison conditions ... by a prisoner ... until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *see also Massey v. Wheeler*, 221 F.3d 1030, 1034 (7th Cir. 2000); *Booth v. Churner*, 531 U.S. 956 (2001). "[I]f a prison has an internal administrative grievance system through which a prisoner can seek to correct a problem, then the prisoner must utilize that administrative system before filing a claim under Section 1983." *Massey v. Helman*, 196 F.3d 727, 733 (7th Cir. 1999); *Smith v. Zachary*, 255 F.3d 446, 450 (7th Cir. 2001).

An inmate must comply with the rules established by the State [or, in this case, county] with respect to the form and timeliness of grievances. *Ford v. Johnson*, 362 F.3d 395, 397 (7th Cir. 2004); *Pozo v. McCaughtry*, 286 F.3d 1022, 1023-25 (7th Cir. 2002) (where prisoner failed to avail himself of the administrative grievance process in a timely manner, he was barred from pursuing relief in federal court). Proper use of the facility's grievance system requires a prisoner "to file complaints and appeals in the place, and at the time [as] the prison's administrative rules require." *Pozo*, 286 F.3d at 1025; *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006); *see also Woodford v Ngo*, 548 U.S. 81, 90

(2006). Moreover, exhaustion is a precondition to filing suit, so that a detainee's attempt to exhaust available administrative remedies in the midst of litigation is insufficient. *See Ford*, 362 F.3d at 398; *Perez Wisconsin Dept. of Corrections,* 182 F.3d 532, 536-37 (7th Cir. 1999).

To exhaust remedies under § 1997e(a), a prisoner "must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo*, 286 F.3d at 1025; *see also Freeman v. Francis*, 196 F.3d 641, 644 (6th Cir. 1999) ("[T]he exhaustion requirement in § 1997e(a) is directed at exhausting the prisoner's administrative remedies in the corrections system, and investigation by another agency does not satisfy the requirement of the statute."). The purpose behind the exhaustion requirement is to give corrections officials the opportunity to address complaints internally before a federal suit is initiated. *See Porter v. Nussle,* 534 U.S. 516, 524-25 (2002).

The record establishes that Plaintiff received an inmate handbook upon entering WCADF, that he was familiar with the grievance procedure, and that he had used it on more than one occasion. Plaintiff admitted in his deposition that he was aware of the grievance procedure.

He appears to argue in his response that the grievance procedure was ineffective. To the extent Plaintiff is arguing that exhaustion was unavailable to him, the argument fails. Courts have held that there are several ways in which an administrative process might not be available to a prisoner. *See Minor B v. Duff,* Case No. 06 C 4912, 2009 U.S. Dist. LEXIS 61109, *35 (N.D.Ill. July 17, 2005) (Kendall, J). For example, if grievances are to be filed on a particular form but the form is never provided to the prisoner, then

there is no "available" remedy, despite its hypothetical possibility. *See Id. citing Dale v. Lappin*, 376 F.3d 652, 656 (7th Cir. 2004). Similarly, threatening a prisoner with violence for attempting to use an administrative process makes that process unavailable. *See Minor B, citing Hemphill v. New York*, 380 F.3d 680, 688 (2nd Cir. 2004). However, there is no evidence in the record that the grievance procedure was unavailable to Plaintiff. While he does allege widespread retaliation at WCADF, his allegations are unsupported by evidence, and he admitted in his deposition that when he allegedly submitted the grievance regarding this incident, he had only been at the WCADF for a short period and had suffered no retaliation. *See* Def. Exhibit B, 40: 6-10.

In his response to Defendant's motion, Plaintiff alleges that he filed a grievance related to Defendant subjecting him to excessive force. However, he does not have a copy of the grievance and there is no copy of the grievance in his classification file. The record before the Court contains no evidence, other than Plaintiff's allegation, that he filed a grievance regarding the underlying incident. Defendant has provided the declaration of Christine Miller, the secretary for the Deputy Chief at the WCADF. Part of her job responsibilities is to manage the storage and retrieval of prisoner grievances. She states in her declaration that Plaintiff's file contains 81 separate inmate request forms (Form #22's), but none pertain to Plaintiff's allegations against Defendant. *See* Def. Exhibit D.

While Plaintiff testified at his deposition that he received no response to the grievance, he also testified that he then abandoned the grievance process. He did not pursue a response, file a grievance because he received no response, or attempt any kind of appeal. A prison official's failure to respond to an inmate's grievance can render

10

administrative remedies "unavailable" and excuses the prisoner from pursuing them further. *Brengettcy v. Horton*, 423 F.3d 674, 682 (7th Cir. 2005) (*citing Lewis v. Washington*, 300 F.3d 829, 835 (7th Cir. 2002)). However, the undisputed facts indicate that, when Plaintiff received no response to his grievance, he abandoned the process. The Seventh Circuit has held that the relevant inquiry when determining whether administrative remedies are unavailable is to focus on whether the plaintiff did all he could to avail himself of the administrative process. If he followed the prescribed steps and could do nothing more, then available remedies were exhausted. *Dole*, 438 F.3d at 811. Plaintiff abandoned the process, without pursuing the appeal procedures provided for in the Inmate Handbook.

Plaintiff's beliefs about the availability of the grievance process do not excuse exhaustion. *Twitty v. McCoskey*, 226 Fed. Appx. 594, 596 (7th Cir. 2007); *citing Chelette v. Harris*, 229 F.3d 684, 688 (8th Cir. 2000) (As the Eighth Circuit has observed, 42 U.S.C. § 1997e(a) "says nothing about a prisoner's subjective beliefs, logical or otherwise, about administrative remedies that might be available to him. The statute's requirements are clear: If administrative remedies are available, the prisoner must exhaust them."); *see also Yousef v. Reno*, 254 F.3d 1214, 1221 (10th Cir. 2001)

Further, while Plaintiff was required to exhaust only those administrative remedies that were "available," *see Woodford v Ngo*, 548 U.S. at 102; *Kaba v. Stepp,* 458 F.3d 678, 684 (7th Cir. 2007), the "availability" of a remedy is a matter of what, in reality, is open for an inmate to pursue. *See Kaba*, 458 F.3d at 684; *see also Taylor v. Cook County*, No. 11 C 7427, 2013 U.S. Dist. LEXIS 72890, 2013 WL 2285806, 4 (N.D. Ill. May 23, 2013) (Kendall, J.). "Prison officials may not take unfair advantage of the

exhaustion requirement, ... and a remedy becomes unavailable if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting. *Dole*, 438 F.3d at 809.

Inmates, however, must take adequate steps to ensure that they utilize the grievance system that is made available to them. The appropriate analysis focuses on whether the inmate took steps to avail himself of the administrative process. *See Dole*, 438 F.3d at 809; *Taylor*, 2013 U.S. Dist. LEXIS 72890, 2013 WL 2285806, at 4. If he followed the prescribed steps and could do nothing more, he is considered to have exhausted available remedies. *Dole*, 438 F.3d at 811. If, however, he understands the grievance process and did nothing after hearing no response to a grievance, such inaction indicates that he did not utilize and exhaust available remedies. *See Taylor*, 2013 U.S. Dist. LEXIS 72890, 2013 WL 2285806 at 4; *see also Logan v. Emerson*, No. 10 C 4418, 2012 U.S. Dist. LEXIS 113056, 2012 WL 3292829, 5 (N.D. Ill. Aug. 9, 2012) (Zagel, J.).

Simply submitting a grievance and not receiving a response is insufficient to establish that the grievance process is unavailable. *Id.* (finding prisoner failed to exhaust his administrative remedies where the prisoner "provided no evidence ... that he followed up, sought instruction as to how to exhaust a lost grievance, or pursued the issue in any way"); *see also Taylor*, No. 11 C 7427, 2013 U.S. Dist. LEXIS 72890, 2013 WL 2285806, 4 (N.D. Ill. May 23, 2013) (Kendall, J.) (inmate failed to use available remedies when he filed a grievance, heard no response, did not follow up with the grievance, was familiar with the grievance process, and had received responses to other grievances); *Nesbitt v. Villanueva*, No. 09 C 5299, 2010 U.S. Dist. LEXIS 125966, 2010 WL 4932423, at *3-4 (N.D.Ill. Nov.29, 2010) (Conlon, J.) (same). As previously noted,

Plaintiff is an attorney and understood the grievance process. He admitted in his deposition that he did not follow up on the grievance he alleges he filed.

In sum, the evidence shows that Plaintiff either never filed a grievance about Defendant and the incident of excessive force, or filed one, received no response, and never followed up on it. In either event, he has failed to exhaust his administrative remedies prior to filing suit. Because the evidence is clear that Plaintiff did not exhaust his administrative remedies prior to filing suit, judgment is granted to Defendant.

Although the time for submitting a grievance has expired per WCADF's policies, the dismissal of Plaintiff's claim is without prejudice, as this Court does not rule on whether a state court would apply an exhaustion requirement similar to that of § 1997e(a) with respect to Plaintiff's claims. *See Ford*, 362 F.3d at 401 (for that reason, "all dismissals under § 1997e(a) should be without prejudice"). In short, the Court's ruling does not preclude the Plaintiff from pursuing any relief that may be available to him through the state court. But because by operation of § 1997e(a) Plaintiff has no further recourse in federal court, the dismissal without prejudice nevertheless constitutes a final, appealable, order. *Maddox v. Love*, 655 F.3d 709, 716 (7th Cir. 2011) (order dismissing § 1983 claims for failure to exhaust administrative remedies is appealable where there are no further remedies that plaintiff can pursue); *Barnes v. Briley*, 420 F.3d 673, 676 (7th Cir. 2005) (same).

If Plaintiff wishes to appeal this final judgment, he may file a notice of appeal in this court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be

liable for the $455 appellate filing fee irrespective of the outcome of the appeal. *Evans v. Illinois Dept. of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, Plaintiff may also be assessed a "strike" under 28 U.S.C. § 1915(g). The Plaintiff is advised that, pursuant to that statute, if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury.

**CONCLUSION**

For the foregoing reasons, Defendant's motion for summary judgment [19] is granted because Plaintiff failed to exhaust administrative remedies prior to filing suit. This matter is closed.

Dated: October 18, 2013

Arlander Keys
U.S. Magistrate Judge